UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| v. | : |
| | : No. 24-CR-417 (CKK) |
| CONOR FLANSBURG, | : |
| | : |
| Defendant. | : |

### STATEMENT OF OFFENSE IN SUPPORT OF GUILTY PLEA

#### I.  Summary of the Plea Agreement

As set forth in the attached plea agreement, Defendant Conor Flansburg (hereinafter referred to as "Defendant" or "Flansburg") agrees to accept responsibility and plead guilty to Count One of the Indictment, charging Defendant with RICO Conspiracy, in violation of Title 18, United States Code, Section 1962(d).

#### II.  Elements of the Offenses

Count One, RICO Conspiracy

The essential elements of the offense of RICO Conspiracy, in violation of Title 18, United States Code, Section 1962(d), each of which the government must prove beyond a reasonable doubt to sustain a conviction, are:

1. That the defendant knowingly agreed to conduct or participate, directly or indirectly, in the conduct of the affairs of the charged enterprise through a pattern of racketeering activity.

2. That an enterprise would be established as alleged in the indictment.

3. That the enterprise would be engaged in, or its activities would affect, interstate or foreign commerce.

4. That the defendant would be employed by, or associated with, the enterprise.

**II.    Statement of Facts**

Pursuant to Federal Rule of Criminal Procedure 11, the United States and the Defendant, with the concurrence of Defendant's attorney, stipulate and agree that the following facts are true and accurate. The following statement of facts does not purport to include all of the Defendant's illegal conduct. It also does not purport to be an inclusive recitation of everything that the Defendant heard, knew, or witnessed concerning the illegal activities committed by Defendant and others. It is intended to represent sufficient information for the Court to find a factual basis for accepting the Defendant's guilty plea.

<u>The Social Engineering Enterprise</u>

The Social Engineering Enterprise ("SE Enterprise") was made up of a group of individuals based in California, Connecticut, New York, Florida, and abroad. The SE Enterprise began on a date unknown but by no later than October of 2023 and continued through at least in or around March 2025. Members and associates of the SE enterprise served different roles and held different responsibilities. The roles included database hackers, organizers, target identifiers, callers, money launderers, and residential burglars targeting hardware virtual currency wallets. Flansburg managed and organized cryptocurrency related databases and supervised social engineer callers. The purposes of the SE Enterprise included, but were not limited to, stealing virtual currency from victims throughout the United States through fraudulent pretenses; disguising, concealing, and obfuscating the source and ownership of the stolen funds through the use of virtual currency laundering techniques; and converting laundered virtual currency into fiat currency and wire transfers for use at nightclubs, for the purchase of exotic cars, jewelry, luxury

2

handbags, clothing, private jet rentals, and rental mansions in Los Angeles, the Hamptons, and Miami.

Members and associates of the SE Enterprise used stolen virtual currency to purchase, among other things, (1) nightclub services ranging up to $500,000 per evening, (2) luxury handbags valued in the tens of thousands of dollars which were given away at nightclub parties, (3) luxury watches valued between $100,000 up to over $500,000, (4) luxury clothing valued in the tens of thousands of dollars, (5) rental homes in Los Angeles, the Hamptons, and Miami, (6) private jet rentals for travel, (7) a team of private security guards, and (8) a fleet of exotic cars, ranging in value from $100,000 up to $3,800,000.

Flansburg began living with Malone Lam ("Lam") and Co-Conspirator 2 ("CC-2") in or around October 2023 in Texas. The group funded their living expenses through cyber-enabled fraud schemes. While in Texas, they began executing social engineering schemes in various combinations.

In or around December 2023, Flansburg moved to California with CC-2 and Lam. They enlisted the services of Money Exchanger-1 to help them obtain cash for stolen cryptocurrency in Los Angeles and used Money Exchanger-1 to assist in procuring luxury Airbnb rentals. Flansburg, Lam, and CC-2 eventually switched to using Evan Tangeman ("Tangeman") to assist in obtaining luxury rental homes paid for in stolen cryptocurrency.

Flansburg and other SE Enterprise members exchanged stolen cryptocurrency for fiat cash in Los Angeles through either Money Exchanger-1, Hamza Doost ("Doost"), Tangeman, Tucker Desmond ("Desmond"), Kunal Mehta ("Mehta"), or Joel Cortes ("Cortes").

Flansburg used Money Exchanger-1 to arrange exotic car purchases with stolen

cryptocurrency with the assistance of Mehta. Mehta created LLCs for the purchase of these automobiles and charged extra fees to find fake signers who would take title to take title to the automobiles, all with the goal of concealing the true owners, being the members of the SE Enterprise. The group primarily used Exotic Car Dealership-1 to complete the transactions.

In or around July 2024, Flansburg received valuable victim databases from Lam and became more successful in social engineering schemes. Flansburg worked with multiple social engineer callers to execute the social engineering attacks.

Flansburg learned of the $248,000,000 theft from Victim-7 on the day it occurred, in or around August 19, 2024. Flansburg traveled to Lam's home in Los Angeles where Lam, Marlon Ferro ("Ferro"), CC-2, and others celebrated the theft and planned the purchase of automobiles, jewelry, and other high-priced items. Lam and other SE Enterprise members then embarked on a prolific spending spree involving nightclubs, private jet travel, yacht rentals, and a fleet of exotic automobiles, all purchased through stolen cryptocurrency.

In or around September 2024, Lam sent Flansburg and others approximately 40 additional victim databases to use in their social engineering attacks with the agreement that Lam and Co-Conspirator-1 would receive a percentage of any successful attacks valued over $10,000,000.

In or around September 7, 2024, members of the social engineering enterprise successfully stole over $5,000,000 from Victim G.A. through a social engineering attack. Flansburg received a large percentage of the stolen funds for his role in the attack.

Flansburg and others continued committing social engineering attacks following the arrest of CC-2 and Lam in September 2024. Flansburg shared victim databases with others so

4

they could use the information for social engineering attacks.

On May 13, 2025, the FBI executed a search warrant at Flansburg's home in Irvine, California. Flansburg's computer held approximately $8,000,000 in stolen cryptocurrency at the time of the search warrant. As a member of the SE Enterprise, Flansburg agreed that members of the SE Enterprise would commit at least two racketeering acts as defined by Title 18, United States Code, Section 1961. Flansburg agrees that, based on his involvement and knowledge of the SE Enterprise, it was reasonably foreseeable to him that at least $25,000,000 would be stolen through wire fraud in furtherance of the conspiracy.

        Respectfully Submitted

        JEANINE PIRRO
        United States Attorney

By:   _____
       Kevin Rosenberg
       Assistant United States Attorney

## DEFENDANT'S ACKNOWLEDGMENT

I have read the Statement of Offense setting forth the facts related to my guilty plea. I have discussed this proffer fully with my attorneys, Shrey Sharma and Nick Johnson, Esqs. I fully understand this proffer and I acknowledge its truthfulness, agree to it and accept it without reservation. I do this voluntarily and of my own free will. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this proffer fully.

Date: 9-26-2025

Conor Flansburg
Conor Flansburg

## ATTORNEY'S ACKNOWLEDGMENT

I have read each of the pages constituting the Government's proffer of evidence related to my client's guilty plea. I have reviewed the entire proffer with my client and have discussed it with him fully. I concur in my client's agreement with and acceptance of this proffer.

Date: 9/26/2025

Shrey Sharma, Esq.
Nick Johnson, Esq.
Counsels for Defendant

6